HOLMES, Judge.
The plaintiff sued defendant, Blue Cross and Blue Shield of Alabama, seeking to recover certain hospital and medical expenses alleged to be due under a group insurance contract. The learned trial judge on stipulated facts entered a judgment for plaintiff and denied defendant’s subsequent motion for new trial. Defendant appeals and we reverse and remand.
The dispositive issue is whether a coordination of benefits provision in plaintiff’s insurance policy exonerated defendant from primary liability for plaintiff’s expenses.
The record reveals the following: Plaintiff was a named insured under a group insurance policy with Blue Cross. Her husband was the named insured under what is termed the A. F. of L. — A.G.C. Building Trades Welfare Plan. This welfare plan, entered into as the result of a collective bargaining agreement, covered plaintiff as the dependent of her husband. Both the Blue Cross policy and the welfare plan were in full force and effect at all times relevant to this appeal.
Plaintiff’s Blue Cross policy contains a coordination of benefits (COB) provision which excludes from coverage the payment of any benefits that are payable under any other group plan, provided the other plan “is the primary plan as compared to this contract.” § V.12. Section V.12(a) further provides that the other plan shall be primary “if such group plan does not include a coordination of benefits or non-duplication provision.” It is undisputed the husband’s welfare plan does not contain such a provision.
During the years 1976 and 1977, plaintiff twice required hospitalization and treatment.
After the first of these incidents, Blue Cross paid benefits directly to the hospital. However, the husband’s welfare plan also paid benefits and the hospital refunded the money paid by Blue Cross. The welfare plan paid a total of $1,337.21 to the hospital and attending physician. At trial, plaintiff sought to recover $1,200 from Blue Cross as a result of this hospitalization.
Blue Cross paid no benefits after the second hospital confinement. However, the welfare plan paid a total of $1,348.62 to cover plaintiff’s expenses. Plaintiff sought to recover $1,282 from Blue Cross as a result of his second hospitalization.
As indicated, the trial judge found Blue Cross liable despite the payment of benefits by the welfare plan and awarded plaintiff a total of $2,920.30.
On appeal, Blue Cross does not contend plaintiff’s expenses were not covered if it is the primarily liable insurer. However, Blue Cross does argue that the COB provision in its policy operated to make the welfare plan primarily liable. That is to say, Blue Cross contends that because the husband’s plan lacked a COB provision, it became the “primary plan” under § V.12(a) of the policy.
Plaintiff, through able counsel who has favored this court with an excellent brief, counters with the argument that she paid premiums based upon the premise that her hospitalization expenses would be covered by Blue Cross. She contends Blue Cross is primarily liable since she is the named insured under the Blue Cross policy and is only covered as a dependent under her husband’s welfare plan. Put simply, she argues the COB provision should not be given effect under the facts at bar since such a result would render the policy unconscionable as contrary to all “reasonable expectations” of coverage.
*65 At the outset, we note that neither party has cited us to authority precisely on point. However, it appears that COB provisions such as the one involved in this case have been given at least implied judicial sanction.
Thus, in American Family Life Assur. Co. v. Blue Cross of Florida, Inc., 486 F.2d 225 (5th Cir. 1973), a company which issued group policies lacking COB provisions challenged the validity of certain group policies issued by Blue Cross which contained such provisions, alleging the Blue Cross policies violated federal anti-trust laws. In addressing this issue, the Fifth Circuit Court of Appeals upheld the validity of the challenged COB provisions.
There, as here, the state commissioner of insurance had approved the writing of group insurance plans containing model COB provisions. See, Departmental Regulation No. 56, adopted pursuant to § 27-2-17, Code of Ala. 1975. In explaining the effect of such provisions, the court noted they are applied only if there is coverage under two or more policies which would result in payment for more than 100% of the claimant’s expenses, and said:
COB simply means that if the same hospital, surgical or medical risk is covered by more than one insurance carrier then the company insuring with a COB provision in its policies may reduce the amount of its payment by that payable from such other coverage. In other words, the claimant may not recover twice for the same expenses. . . . When only one of the policies has a coordination of benefits clause, then the carrier without a coordination of benefits clause . would always be deemed primary. (Emphasis supplied.) 486 F.2d at 226.
Likewise, in Blue Cross and Blue Shield of Alabama v. Bowen, 57 Ala.App. 192, 326 So.2d 754 (1976), this court held that where an insurer whose policy contained a COB provision paid a claim of the insured without knowledge that another insurer was primarily liable due to the lack of a COB provision in its policy, there was no waiver of the right to refund on account of the payment.
Implicit in this decision is the recognition of the validity of the COB provision challenged in this case. Indeed, the facts in Bowen are very similar to those in the present case. There too, there was dual coverage under the husband’s union negotiated welfare plan which lacked COB provisions and under the wife’s group Blue Cross policy which contained COB provisions apparently identical to those presently being considered.
However, plaintiff would distinguish Bowen on one fact. There, it was the husband who required hospitalization. He was therefore the named insured under the welfare plan which ultimately paid the claim as opposed to having coverage as a dependent or spouse. In essence, plaintiff argues the welfare plan was not primarily liable because it lacked COB provisions, but because the husband was the named insured. Applying that rationale to this case, plaintiff concludes Blue Cross is liable.
We cannot agree and we view this argument as putting forth a distinction without a difference. In Bowen, this court clearly applied that part of the COB provision which allowed the insurer to make payments when there is a dispute as to primary and secondary liability without waiving the right to repayment. In so ruling, we referred to that part of the COB provision in Bowen which was apparently identical to § V.12(a), and which made the plan without a COB provision primary. We thus, at least impliedly, approved this as the proper test in determining primary versus secondary coverage.
Today, we make that approval explicit and reject plaintiff’s contention that she has paid for coverage and is entitled to it. Her policy clearly states benefits will not be payable if there is another plan covering the claimed expenses and that plan is primary. It also clearly defines those circumstances which will make the other plan primary. To give plaintiff’s argument literal application on these facts would be to negate an insurance company’s *66 ability to write exclusions into its policies. This we are not prepared to do.
What is more, one of the primary rationales behind the adoption of COB provisions is the elimination of the possibility of a double recovery and the concomitant higher premium costs. American Family Life Assur. Co. v. Blue Cross of Florida, Inc., supra. As indicated, the husband’s welfare fund has paid plaintiff’s expenses. To uphold the verdict against Blue Cross and therefore render § V.12(a) a nullity would be to grant exactly what COB provisions seek to prevent. Plaintiff could entertain no “reasonable expectation” of such an unjust enrichment. We see nothing unconscionable in allowing health insurance companies to limit their liability so that a claimant recovers only expenses actually incurred.
This case is due to be reversed and remanded.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P. J., and BRADLEY, J., concur.